UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI  DIVISION
www.flsb.uscourts.gov

In re:   John M. Skippings            Case No:  18-21683
                                      Chapter 13

_____Debtor_____/

**OBJECTION TO CLAIM ON SHORTENED NOTICE**

**IMPORTANT NOTICE TO CREDITOR:  THIS IS AN OBJECTION TO YOUR CLAIM**

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the debtor objects to the following claim filed in this case:

Claim No. 4.  Riverwood Condominium Association Inc.

Claim for $14,864.31

<u>Basis for Objection and Recommended Disposition</u>

Creditor Riverwood Condominium Association Inc.'s Proof of Claim is for regular condominium maintenance and for two special assessments, interest, late fees, attorneys fees and costs.

One of the two special assessments was passed by the Condominium Board in February 2009 in the amount of $22,558.59. Debtor's previous Chapter 13 case 12-29159, was filed August 9, 2012. In the 2012 bankruptcy case, the debtor filed a Motion to Value the amounts owed to Riverwood Condo Association and on November 9, 2012, an Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by Riverwood Condominium Association was entered by Judge Laurel M. Isicoff. That Order is recorded at Book 29861 Page 1856-1858 of the Public Records of Miami Dade County.

Accordingly, the $22,558.59 special assessment balance was discharged in full by debtor's previous Chapter 13 case number 12-29159 in which a discharge was entered on October 23, 2015. *(For a ruling in the same fact situation, see  Judge A. J. Cristol' s ruling* In Re:

*Ross Daniel Kelson,* Case No. 12-22288 BKC AJC, *Memorandum Opinion and Order Determining that Special Assessment Adopted by Creditor St. Tropez is a Pre-Petition Unsecured Debt and Denying Stay Relief.*)

Since the $22,558.59 special assessment balance was discharged in the debtor's 2012 Chapter 13 case, then the debtor does not owe any of the $22,558.59 special assessment, nor the late fees or interest associated with collection of that special assessment, nor does the debtor owe the attorney's fees, association collection costs and title search associated with the state court foreclosure action in *Riverwood Condominium Association Inc. v. John M. Skippings,* Case No 18-021668 CA 01.

Debtor's proposed recommendation is that creditor Riverwood Condominium Association credit Debtor with all payments toward the $22,558.59 special assessment since August 9, 2012, the date of filing of the previous Chapter 13 case. and that Riverwood dismiss its pending foreclosure action and file a Satisfaction of its Claim of Lien.

The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the claimant and the debtor at least 14 days prior to the confirmation hearing date and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court when the objection and notice of hearing are served.

DATED: January 2, 2019.

Respectfully submitted,
LEGAL SERVICES OF GREATER MIAMI, INC.
By _____/s/_____
Carolina A. Lombardi, Attorney for Debtor
Florida Bar No. 0241970
4343 West Flagler Street, Ste. 100
Miami, FL 33134
Telephone/Facsimile: (305) 438-2427
Primary Email: **Clombardi@legalservicesmiami.org;**
Alt. Email: **Sfreire@legalservicesmiami.org**

LF-70 (rev. 12/01/09)